UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHILIP SCHLICHTING, as Personal
Representative of the Estate of Deborah
L. Veilleux, deceased,

       Plaintiff,

v.                                             Case No: 2:14-cv-13-FtM-38DNF

ALLSTATE INSURANCE
COMPANY,

       Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on Defendant Allstate Insurance Company's Motion to Dismiss Amended Complaint (Doc. #15) filed on February 19, 2014. Plaintiff Philip Schlichting filed a response on March 24, 2014. (Doc. #21). The motion is now ripe for review.

### **Background**

Deborah L. Veilleux negligently operated her vehicle insured by Allstate on October 21, 2006.[2] (Doc. #5, at ¶¶6-7). As a result of Veilleux's negligence, Gerald Aloia was injured. (Doc. #5, at ¶6). Veilleux reported the collision to Allstate, Aloia made a claim against Veilleux, and Veilleux did not deny fault for causing the collision. (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.
[2] Here the bodily injury limits were $100,000.00 per person and $300,000.00 per occurrence and the property damage limit was $100,000.00 per occurrence.

#5, at ¶¶9-10). Allstate never denied coverage and did not defend under a reservation of rights. (Doc. #5, at ¶11).

Aloia offered to settle the claim for the bodily injury limits of $100,000 along with other conditions, however, Allstate did not accept the offer. (Doc. #5, at ¶¶13-14). After a jury verdict in state court, Aloia received a judgment of $21,879,414.00, plus interest, against Veilleux. (Doc. #5, at ¶16). In light of the jury verdict, Allstate has paid the policy limits to Aloia but has refused to pay anything in excess of the policy limits. (Doc. #5, at ¶24). Schlichting, as personal representative of Veilleux, consequently initiated this action against Allstate alleging Allstate acted in bad faith and breached its fiduciary duty to Veilleux. (Doc. #5, at ¶22). Allstate now moves to dismiss the Amended Complaint with prejudice for failure to state a claim and for lack of subject matter jurisdiction.

## Standard

The general rule under Fed. R. Civ. P. 12(h)(3) is "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Under a Rule 12(b)(1) motion, a claim may be challenged both facially and factually. McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999). According to the Eleventh Circuit, facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." Id. (punctuation omitted). Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (punctuation omitted). The Eleventh Circuit has instructed that "[i]n response to a factual

attack, a court should dismiss the complaint for lack of subject matter jurisdiction where the federal claim is clearly immaterial or insubstantial." Id. (punctuation omitted).

In factual subject matter jurisdictional attacks, this Court need not take the allegations in the complaint as true. Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169 (11th Cir. 2011) cert. denied, 132 S. Ct. 2379 and cert. denied, 132 S. Ct. 2380 (2012) and cert. denied. Rather, the Court may "independently weigh the facts and is not constrained to view them in the light most favorable to the non-movant." Id. In contrast, in deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v. Fremont Inv. & Loan, No. 2:09-cv-111-FtM-29SPC, 2010 WL 98996 *1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, (2007)); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Twombly, 550 U.S. at 555-56). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996 at *1 (citing Neitzke v. Williams, 490 U.S. 319, 326 (1989)); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**Discussion**

The Parties agree that dismissal of this instant case is appropriate. The Parties, however, disagree as to whether the Amended Complaint should be dismissed with prejudice. Allstate argues the Amended Complaint must be dismissed with prejudice because Schlichting's suit is barred by Florida law. Whereas Schlichting argues dismissal without prejudice is proper because the action is premature and dependent upon the outcome of ongoing legal proceedings in probate court.

Allstate asserts that for Schlichting to recover damages, Aloia's claim against Veilleux's probate estate must have been properly preserved. But here since (1) Aloia did not file a statement of his claim against the probate estate, and (2) the judgment entered in his favor was not referenced as a debt of the estate, Aloia's claim is not properly preserved.

Whereas, Schlichting asserts his claim is premature because of a pending action in probate court. That is, Aloia has filed a motion seeking leave to file an amended claim in the underlying probate proceeding. A hearing in the probate proceeding will be held on April 28, 2014, to determine whether Aloia is a recognized creditor of the estate entitled to pursue an amended final judgment. Schlichting acknowledges until Aloia is recognized in probate court as a creditor of the estate, he is barred from pursuing an amended final judgment against the estate, and therefore, Schlichting's instant suit is currently barred. Schlichting contends dismissal without prejudice is proper because the probate court may permit Aloia's claim against the estate and this Court must defer to the probate court.

Under Florida law, "[t]he essence of a 'bad faith' insurance suit . . . is that the insurer breached its duty to its insured by failing to properly or promptly defend the claim (which may encompass its failure to make a good faith offer of settlement within the policy limits)—all of which results in the insured being exposed to an excess judgment." Fidelity & Cas. Co. N.Y. v. Cope, 462 So.2d 459, 460 (Fla. 1985). "Recovery of damages by an estate administrator on a bad faith claim against an insurance company . . . is barred unless the estate itself is liable in the probate proceeding to the third-party claimant for the excess damages." May v. Illinois Nat. Ins. Co., 190 F.3d 1200, 1202 (11th Cir. 1999). The amount of damages is that which the deceased insured is obligated to pay toward the excess judgment. May, 190 F.3d at 1202. Thus, in the instant action, the alleged damages are equal to the amount of the amended final judgment, less the $100,000 policy limit paid by Allstate.

To properly preserve a claim against a probate estate and enable the personal representative to bring a third-party bad faith claim against the decedent's insurer, a claimant must file a written statement of the claim within certain time periods. See Fla. Stat. §§ 733.702, 733.703, 733.710. Although these time periods do not typically apply to claims brought against an estate for bodily injury to recover up to the limits of the decedent's liability insurance coverage, they do apply when the claims exceed the limits of the decedent's liability coverage. May, 190 F.3d at 1203. The Florida Statutes provides that a claim must be filed against an estate within two years of the insured's death, and that no claim is binding on the estate "unless filed in the probate proceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the

notice to creditors, 30 days after the date of service on the creditor." Fla. Stat §§ 733.702, 733.710(1). Florida courts have stated that these limitations operate "as a jurisdictional statute of nonclaim, not a statute of limitations." May v. Illinois Nat. Ins. Co., 771 So.2d 1143, 1154 (Fla. 2000). Thus, after the expiration of the statutory time period, all claims or causes of action against the decedent or the estate are extinguished. Id. at 1155.

Whether Schlichting's petition for administration, coupled with his petitions for extensions of time were sufficient to preserve Aloia's claim in the estate is not for this Court to decide. Rather, it is an issue currently and properly pending before the probate court. See Bell v. Harris, 366 So. 2d 765, 767 (Fla. Dist. Ct. App. 1978) ("we are of the view that is inappropriate for us to render a decision as to the legal sufficiency of the claim until such time as the probate court has rendered an order thereon for our review."); Morgenthau v. Estate of Andzel, 26 So. 3d 628, 631 (Fla. Dist. Ct. App. 2009) (discussing that section 733.702 bars untimely claims *unless an extension is granted*). Therefore, because the instant claim is dependent upon whether Aloia is a valid creditor of the estate, the Amended Complaint is premature and must be dismissed. This Court will dismiss the matter without prejudice. Shuck v. Bank of America, 862 So. 2d 20, 24-25 (Fla. Dist. Ct. App. 2003) (discussing that a dismissal of a prematurely filed claim does not constitute an adjudication on the merits and that the action can later be initiated again). If the probate court finds Aloia to be a valid creditor, Plaintiff's bad faith claim will be ripe and may be re-filed.

Accordingly, it is now

**ORDERED:**

1. Defendant Allstate Insurance Company's Motion to Dismiss Amended Complaint ([Doc. #15](Doc. #15)) is **GRANTED**.

2. Plaintiff Philip Schlichting, as personal representative of the Estate of Deborah L. Veilleux, deceased's Amended Complaint is **DISMISSED without prejudice**.

3. The Clerk of Court shall enter judgment accordingly, terminate any previously scheduled deadlines and pending motions, and **CLOSE this case**.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of April, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record